# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41152
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR ANTONIO CORTEZ-ROCHA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-313-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Cesar Antonio Cortez-Rocha was convicted, pursuant to his guilty plea, of being found illegally in the United States after removal. The district court varied upwardly from the advisory guidelines range of 24 to 30 months of imprisonment and imposed a 60-month term of imprisonment to be followed by a three-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41152

On appeal, Cortez-Rocha contends that the district court procedurally erred by sentencing him based on clearly erroneous facts.  His argument concerns a statement made by the district court following Cortez-Rocha's allocution, in which Cortez-Rocha asserted that he had been making a life for himself in Mexico with his girlfriend and that he had returned to the United States on account of his father's illness.  The district court, after noting that Cortez-Rocha had on three previous occasions been sentenced for immigration violations, and that Cortez-Rocha's reason for his most recent return to the United States was his father, stated: "Next time it'll be your mother and the time after that it'll be somebody else.  There is always going to be a reason, Mr. Cortez, for you to come here because, you know, it's well documented here you keep coming back here for one reason or another."  Cortez-Rocha argues that the district court erroneously assumed that he would return to the United States, and, based on that assumption, refused to accept his assertion at sentencing that he would henceforward remain in Mexico.

After *United States v. Booker*, 543 U.S. 220 (2005), we typically review sentences for reasonableness.  *Gall v. United States*, 552 U.S. 38, 46 (2007).  We first examine whether the district court committed any significant procedural error, including "selecting a sentence based on clearly erroneous facts" and "failing to adequately explain the chosen sentence."  *Id.* at 51.  If the district court's decision is procedurally sound, we will then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard.  *Gall*, 552 U.S. at 51; *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

Because Cortez-Rocha did not challenge his sentence in the district court on the same grounds that he raises on appeal, we apply plain error review.  *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009).  To establish plain

2

No. 15-41152

error, Cortez-Rocha must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Considering Cortez-Rocha's extensive immigration history, and viewing the challenged remarks in their overall context, Cortez-Rocha fails to demonstrate that the district court committed clear or obvious error by selecting a sentence based on clearly erroneous facts. *See Puckett*, 556 U.S. at 135. We regard the challenged remarks as part of the district court's required statement of reasons for its selection of a sentence above the guidelines range, and specifically an explanation of why the district court did not credit Cortez-Rocha's statement that he would henceforward remain in Mexico. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The district judge indicated that illegal reentry was a crime and that she did not understand why people think that a desire to be with their families entitles them to break the law. The district court noted that previous sentences of imprisonment had not deterred Cortez-Rocha from returning to the United States. The district court expressed its determination that the sentence it had selected was necessary to promote respect for the law, deter further criminal conduct, and protect the community. The district court was not required to credit Cortez-Rocha's self-serving assertions that he would not come back to the United States in the future. *See United States v. Shell*, 972 F.2d 548, 553 (5th Cir. 1992).

Cortez-Rocha has not made the required showing of clear or obvious error. *See Puckett*, 556 U.S. at 135. Accordingly, the judgment of the district court is AFFIRMED.